UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006[*]
Decided April 13, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3765

| | |
|---|---|
| EVELIO DUARTE-VESTAR, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals |
| *v.* | No. A23-222-023 |
| ALBERTO R. GONZALES, <br> *Respondent*. | |

**O R D E R**

Evelio Duarte-Vestar is a Cuban national who came to the United States in 1980 during the Mariel boatlift. An immigration judge ("IJ") found him inadmissible and ordered his removal because he arrived without valid entry documents, and because in 1987 he was convicted of committing a controlled substance offense. The Board of Immigration Appeals ("BIA") affirmed this decision, and Duarte-Vestar petitions for review. We deny his petition.

Duarte-Vestar was conditionally paroled into the United States upon landing near Key West, Florida. After that, the record shows, he was convicted of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

committing multiple crimes in Wisconsin, including criminal damage to property in 1981, battery and disorderly conduct in 1983, delivery of cocaine in 1987. Then in 1993 Duarte-Vestar was convicted of battery, domestic abuse, criminal trespass, and bail jumping and was sentenced to consecutive prison terms totaling 16 years; he was still in state custody for those offenses when the Department of Homeland Security ("DHS") initiated removal proceedings in 2004. He is now in the custody of the DHS, which sought his removal on the ground that he is an arriving alien without valid entry documents, 8 U.S.C. § 1182(a)(7)(A)(i)(I), and because his prior offenses include a crime of moral turpitude, *id.* § 1182(a)(2)(A)(i)(I), a controlled substance offense, *id.* § 1182(a)(2)(A)(i)(II), and at least two convictions that resulted in an aggregate prison term of at least five years, *id.* § 1182(a)(2)(B). Duarte-Vestar, representing himself at his removal hearing, denied having any convictions. The IJ concluded, however, that conviction records from Wisconsin established by clear and convincing evidence that Duarte-Vestar was convicted in 1987 of delivery of cocaine and sentenced to an indeterminate prison sentence that was stayed in favor of a five-year term of probation. The IJ held that this conviction was reason enough to order removal, though he also noted that Duarte-Vestar was removable because he arrived without valid entry documents. The IJ further held that Duarte-Vestar was not eligible for any exception to removal. The BIA agreed with this analysis and dismissed Duarte-Vestar's appeal.

In his petition for review, Duarte-Vestar principally argues that the IJ lacked sufficient evidence from which to conclude that he was convicted of a controlled substance offense. The government argues that we must dismiss the petition for lack of jurisdiction because the order of removal is premised on a controlled substance conviction, *see* 8 U.S.C. § 1252(a)(2)(C), but by now it should be clear that we have jurisdiction in such cases to consider constitutional claims and questions of law, *see* REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A), 119 Stat. 231, 310 (2005) (adding new subsection (a)(2)(D) to 8 U.S.C. § 1252); *Feto v. Gonzales*, 433 F.3d 907, 912 (7th Cir. 2006); *Ramos v. Gonzales*, 414 F.3d 800, 801 (7th Cir. 2005).

Here the record evidence sufficiently established Duarte-Vestar's drug conviction. The IJ was presented with a copy of a Wisconsin judgment establishing that a man with the same name and date of birth as Duarte-Vestar was convicted in cause number 86 CF 671 of delivering cocaine, Wis. Stat. §§ 161.41(1)(b), 161.16(2)(b)(1) (1985-86). An FBI criminal record, again with the same name and birthdate as Duarte-Vestar, also memorializes this 1987 cocaine conviction. The conviction is for a controlled substance offense, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II); *Ramos*, 414 F.3d at 805-06; *Okeke v. Gonzales*, 407 F.3d 585, 591 (3d Cir. 2005), and is adequately proved by the record evidence, *see* 8 C.F.R. § 1240.8(a); *United States v. Jackson*, 368 F.3d 59, 68-69 (2d Cir. 2004)(proving prior conviction beyond reasonable doubt with persuasive circumstantial evidence). The validity of the

conviction, moreover, is not subject to attack in removal proceedings.  *See Palmer v. INS*, 4 F.3d 482, 489 (7th Cir. 1993) ("[A]n alien may not collaterally attack an otherwise valid state court conviction, or go behind the judicial record to determine, in immigration proceedings, the guilt or innocence of the alien.").

Duarte-Vestar also asserts, as we understand his brief, that, though many "Marielitos" were paroled pursuant to the Cuban Review Plan, 8 C.F.R. § 212.12, he was further granted asylum or refugee status.  Consequently, he argues that he cannot be removed.  But he waived this argument because he did not raise it in his appeal before the BIA.  *See* 8 U.S.C. § 1252(b)(4)(A); *Toptchev v. INS*, 295 F.3d 714, 721 (7th Cir. 2002).  Further, nothing in the record supports this contention, but even if true it would not insulate him from removability.  The government has the authority under 8 C.F.R. § 208.24 to terminate asylum and initiate removal proceedings based on Duarte-Vestar's conviction for delivering cocaine, an aggravated felony under 8 U.S.C. 101(a)(43).

The petition to review is DENIED.